## BIBLES, OREGON DIRECTOR, BUREAU OF LAND MANAGEMENT *v.* OREGON NATURAL DESERT ASSOCIATION

No. 96–713.   Decided February 18, 1997

PER CURIAM.

In this case, the Court of Appeals for the Ninth Circuit held that Exemption 6 of the Freedom of Information Act (FOIA), 5 U. S. C. § 552(b)(6), did not forbid disclosure of a mailing list maintained by petitioner for the Bureau of Land Management (BLM), and sought by respondent, the Oregon Natural Desert Association (ONDA).   In reaching this conclusion, the Court of Appeals relied upon the "substantial public interest in knowing to whom the government is directing information, or as ONDA characterizes it, 'propaganda,' *so that those persons may receive information from other sources that do not share the BLM's self-interest in presenting government activities in the most favorable light."*   83 F. 3d 1168, 1171 (1996) (emphasis added). "There is," the Court of Appeals said, "a significant public interest in knowing with whom the government has chosen to communicate *and in providing those persons with additional information . . . ."   Id.,* at 1172 (emphasis added).

These statements, which are the sum total of the Court of Appeals' analysis of the public interest in disclosure, make clear that the court's judgment rested on a perceived public interest in "providing [persons on the BLM's mailing list] with additional information."   That is inconsistent with our opinion in *Department of Defense* v. *FLRA,* 510 U. S. 487 (1994), which said that "the *only* relevant public interest in the FOIA balancing analysis" is "the extent to which disclo-

sure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'" *Id.*, at 497 (emphasis added) (quoting *Department of Justice* v. *Reporters Comm. for Freedom of Press,* 489 U. S. 749, 773 (1989)). "'[T]he purposes for which the request for information is made,'" we said, have no bearing on whether information must be disclosed under FOIA. 510 U. S., at 496 (quoting *Reporters Comm. for Freedom of Press, supra,* at 771).

The petition for writ of certiorari is granted, the judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*