**NAVIGATOR PUBLISHING, L.L.C., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF TRANSPORTATION, Defendant.**

**No. 01–31–P–H.**

United States District Court, D. Maine.

June 4, 2001.

Nicholas H. Walsh, Portland, ME, for Navigator Publishing LLC, plaintiff.

Evan Roth, Office of the U.S. Attorney, Portland, ME, for United States Department of Transportation, defendant.

## MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

HORNBY, Chief Judge.

■ I conclude in this case that the addresses of United States-licensed merchant mariners are not subject to disclosure under the Freedom of Information Act ("FOIA").[1]

### BACKGROUND

Navigator Publishing, L.L.C., which publishes *Ocean Navigator*, *American Tugboat Review* and *Professional Mariner*, wants a list of the names and addresses of all United States-licensed merchant mariners. Compl. ¶¶ 3, 7. It asked the United States Coast Guard for such a list. *Id.* ¶ 7. The Coast Guard agreed to provide the names, but not the addresses. *Id.* ¶ 10. To justify its refusal of the address-

---

**1.** As I said recently in *Corbin v. Chitwood*, Mem.Dec. & Order on Mot. for T.R.O., No. 01–93–P–H at 10 (May 10, 2001) (denying request for temporary restraining order), the constitutional analysis of any privacy interest in an address is different from the statutory analysis under FOIA. *See also United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 761 n. 13, 109 S.Ct. 1468, 103 L.Ed.2d 774 ("The question of the statutory meaning of privacy under the FOIA is, of course, not the same question ... [whether] an individual's interest in privacy is protected under the Constitution.").

es, the Coast Guard relied on Exemption 6 of the FOIA, which exempts from disclosure "personnel and medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

Navigator Publishing has now sued the United States Department of Transportation for the addresses. The Department of Transportation has moved for judgment on the pleadings. I grant the motion.

### ANALYSIS

Since Navigator Publishing has obtained the names of licensed merchant mariners, the only issue is the justification for granting or withholding the addresses. The applicable principles are clear. Under *United States Department of State v. Washington Post Co.*, 456 U.S. 595, 602, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982), the addresses fall under FOIA Exemption 6's "similar files" category. (Navigator Publishing agrees, Pl.'s Mem. in Opp'n to Mot. for J. on the Pleadings ("Pl.'s Opp'n") at 3–4.) As a result, the Court must balance the public interest in disclosure against the mariners' interest in keeping their addresses confidential. *See United States Dep't of Defense v. FLRA*, 510 U.S. 487, 495, 114 S.Ct. 1006, 127 L.Ed.2d 325 (1994) (quoting *United States Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 776, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989)) ("'a court must balance the public interest in disclosure against the interest Congress intended the [e]xemption to protect.'") (alteration in original). (Again, Navigator Publishing agrees, Pl.'s Opp'n at 4.) Under FOIA, the presumption is in favor of disclosure: "FOIA reflects 'a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language.'" *FLRA*, 510 U.S. at 494,

114 S.Ct. 1006 (quoting *United States Dep't of the Air Force v. Rose*, 425 U.S. 352, 360–61, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976)).

Applying those principles, I recognize, first, that the Supreme Court has recognized "*some* nontrivial privacy interest" in home addresses, an interest that is "far from insignificant." *FLRA*, 510 U.S. at 501, 114 S.Ct. 1006. Among other things, the Supreme Court has identified the interest "in preventing at least some unsolicited, unwanted mail from reaching [the addressees] at their homes." *Id.* (Again, Navigator Publishing agrees, Pl.'s Opp'n at 5 ("[I]ndividuals have a privacy interest in protecting their names and addresses from public disclosure.")).

Second, in one case, *FLRA*, the Supreme Court found the public interest in disclosing addresses to be "negligible, at best." 510 U.S. at 497, 114 S.Ct. 1006. In that particular case, the Court reasoned that disclosure of addresses "would reveal little or nothing about the employing agencies or their activities." *Id.* In this case, Navigator Publishing does not say why it wants the licensed mariners' addresses (although anyone who receives regular mailings from publishing companies urging the purchase of magazine subscriptions might surmise why).[2] Instead, Navigator Publishing relies on court decisions that hold that the actual motive for requesting disclosure and the identity of the requesting party have no bearing under FOIA, and that the issue instead is simply whether the information potentially would shed light on government operations. *See, e.g., FLRA*, 510 U.S. at 496, 114 S.Ct. 1006; *Reporters Comm.*, 489 U.S. at 771, 109 S.Ct. 1468. To that end, Navigator Publishing suggests in its legal memorandum

---

**2.** In its legal memorandum, Navigator Publishing does suggest that "some additional mailings" will result from disclosure of the addresses. Pl.'s Opp'n at 7.

that someone with the list of names and addresses could perform a comprehensive criminal record check around the country and determine whether the Coast Guard is performing well its statutory responsibility to screen license applicants. Pl.'s Opp'n at 11–12. (Navigator Publishing does not suggest that it will do such a record check or who might.)

According to the Supreme Court, the "only relevant 'public interest in disclosure'" is "the extent to which disclosure would serve the 'core purpose of the FOIA,' which is 'contribut[ing] significantly to public understanding *of the operations or activities of the government.*'" *FLRA*, 510 U.S. at 495, 114 S.Ct. 1006, quoting *Reporters Comm.*, 489 U.S. at 775, 109 S.Ct. 1468 (alteration in original). The Court reiterated this limitation in *Bibles v. Oregon Natural Desert Ass'n*, 519 U.S. 355, 117 S.Ct. 795, 136 L.Ed.2d 825 (1997) (per curiam). Obviously, the disclosure of mariners' addresses will not directly shed light on the Coast Guard's performance of its duties. Instead, it is a hypothetical "derivative use"—matching the records against country-wide criminal records—that assertedly would permit an evaluation of Coast Guard performance. The Supreme Court has not decided "whether a 'derivative use' theory would ever justify release of information about private individuals." *United States Dep't of State v. Ray*, 502 U.S. 164, 179, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991). It has said that "[m]ere speculation about hypothetical public benefits cannot outweigh a demonstrably significant invasion of privacy." *Id.* Here, Navigator Publishing does not articulate why the addresses (in addition to the names) are critical to the hypothetical investigation of Coast Guard screening performance; presumably their hypothetical role is to distinguish among people of the same name, but I have no way of knowing how significant a name overlap would be in a criminal records check, or whether the current address would be much help in alleviating it. (Date of birth or social security number would appear to be a much better way of narrowing the field in running a criminal history record check in every federal and state jurisdiction.)

CONCLUSION

I conclude that Navigator Publishing simply has not demonstrated that disclosure of mariners' addresses will contribute in any meaningful way to an assessment of Coast Guard screening practices for licensees. Balanced against an addressee's nontrivial privacy interest that the Supreme Court has recognized under FOIA, it falls woefully short; disclosure would be "a clearly unwarranted invasion." 5 U.S.C. § 552(b)(6). Accordingly, the Coast Guard was entitled to withhold the list of addresses. The Department of Transportation's motion for judgment on the pleadings is GRANTED. SO ORDERED.