**WESTERN WATERSHEDS PROJECT, Plaintiff,**

v.

Carol McCoy **BROWN**, Idaho Falls Field Manager; Renee Snyder, Challis Field Manager; Dave Krosting, Salmon Field Manager; Bureau of Land Management, an Agency of the United States; and the Department of the Interior, an Agency of the United States, Defendants.

No. CV–03–334–E–BLW.

United States District Court, D. Idaho.

Feb. 26, 2004.

Laurence J Lucas, Law Offices of Laurence J Lucas, Boise, ID, Todd C. Tucci, Advocates for the West, Boise, ID, for plaintiff.

Nicholas J Woychick, U.S. Attorney's Office, Boise, ID, for defendants.

## MEMORANDUM DECISION AND ORDER

WINMILL, Chief Judge.

## INTRODUCTION

Pending before the Court is Plaintiff Western Watersheds Project's (WWP's) Motion for Summary Judgment and Defendants' Cross Motion for Summary Judgment. Having fully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding further delay, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d)(4). Accordingly, the Court enters the following Order.

The issue to be decided in this case is whether WWP is entitled to a waiver of fees for duplication of documents requested pursuant to the Freedom of Information Act (FOIA).

## FACTS

On January 8, 2003, WWP submitted FOIA requests to the Idaho Falls, Challis and Salmon Field Offices of the Bureau of Land Management (BLM). WWP sought information on grazing permits, allotment management plans, annual operating plans, and field monitoring reports for grazing allotments located on public lands managed by the BLM. WWP further requested that the BLM waive all search and copying fees associated with providing the information. Section 552(a)(4)(A)(iii) of the Freedom of Information Act (FOIA) provides that public information "shall be furnished without any charge or at a [reduced] charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

WWP explained that the information it requested would enable WWP "to inform and educate the public on the management

of livestock grazing and natural resources protection on the BLM lands." The WWP further stated that the information would help WWP inform the public "about what the BLM is doing to manage livestock grazing, to protect threatened, endangered and other species, and otherwise protect and restore the natural resources under its management . . . ."

WWP went on to explain that it "intends to disseminate the information requested not only to its members, but also to the general public." It further explained that the information it requested is generally tedious to read and difficult to understand and that therefore it was WWP's intention to compile the information into a more readily understandable format to benefit the public.

Finally, WWP claimed that it had the ability to "disseminate the information to the public at large" by way of "presentations to [its] members, presentations to the general public, presentations to members of other conservation organizations, and participation in numerous conferences and public events across the country." WWP further pointed out that it publishes a regular newsletter, maintains a web site, and utilizes both local radio and local newspapers to disseminate information.

On February 14, 2003, the BLM denied WWP's requests stating:

> We find that disclosure of the requested records is not likely to contribute to the general public understanding but rather only to inform a relatively small segment of the general public. Disclosure must contribute to the understanding of the public at large as opposed to the individual understanding of the requester or a narrow segment of interested persons [citation omitted].

In sum, the BLM took the position that WWP had proven only that it would disseminate the information to a narrow audience. To reach its conclusion, the BLM partially relied upon the fact that the WWP's interest in the information was directly related to preservation of the Salmon River Basin located in Idaho.

The BLM acknowledged, however, that WWP had "describe[d] . . . means of disseminating information to the public at large through presentation to the general public and participation in public events across the country" but failed to "indicate[ ] that you intend to disseminate the requested information by these means."

WWP appealed the BLM decisions denying the fee waivers on March 5, 2003, reiterating its intention and ability to disseminate the requested information to the public. In addition, WWP attempted to present evidence, beyond that in its original request, of its ability to reach more than just a narrow segment of the population. For instance, WWP stated that both the Idaho Tribune and the London Economist had published an opinion piece on the WWP and that ABC News was persuaded to film a special report on wolves after WWP brought the issue to their attention by way of filing a lawsuit. WWP also demonstrated that it has in the past reached out to the general public by way of teaching local high school classes about the BLM's grazing management system. In addition, WWP pointed out that its website received a substantial number of "hits" for the week of February 16, 2003. In conclusion, WWP emphasized that it intended to use all of the methods described in both its initial request and in its appeal letter to disseminate the requested information.

On appeal, the Office of the Solicitor (SOL) again denied WWP request for a fee waiver stating:

> [T]he information that [WWP] supplied concerning [its] web-page and examples of its prior, unrelated media-outreach efforts do not illuminate how WWP

plans, or whether it has the ability, to process the particular information it seeks in this request and disseminate it to the general public. A public interest waiver must demonstrate with 'reasonable specificity' how the information will contribute to the understanding of the general public of the operations or activities of the government. In addition, WWP has not provided detailed information on how or to whom it will disseminate the information it receives.

In turn, WWP filed the present action on August 7, 2003.

## STANDARD OF REVIEW

The standard for summary judgment is well known. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).[1]

## DISCUSSION

■ Pursuant to the FOIA, a district court employs a de novo review of an agency's decision to deny a waiver of fees. *See* 5 U.S.C. § 552(a)(4)(A)(vi); *McClellan Ecological Seepage Situation v. Carlucci,* 835 F.2d 1282, 1284 (9th Cir.1987). In addition, the Act states that the "court's review of the matter shall be limited to the record before the agency." 5 U.S.C. § 552(a)(4)(A)(vi). As a consequence, the district court may not consider reasons not offered by the agency in the denial letter. *See Friends of the Coast Fork v. United States Dep't of the Interior,* 110 F.3d 53, 55 (9th Cir.1997). "[T]he agency must stand on whatever reasons for denial it gave in the administrative proceeding. If those

reasons are inadequate, and if the requesters meet their burden then a full fee waiver is in order." *Id.*

As stated above, the FOIA provides that "documents shall be furnished without any charge or at a [reduced] charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). The fee waiver provision of the FOIA is to be " 'liberally construed in favor of waivers for noncommercial requesters.' " *McClellan Ecological Seepage Situation v. Carlucci,* 835 F.2d 1282, 1284 (9th Cir.1987) (quoting 132 Cong. Rec. S14298 (Sept. 30, 1986) (Sen.Leahy)). It should not be interpreted to allow federal agencies to set up roadblocks to prevent noncommercial entities from receiving a fee waiver. *See id.*

BLM regulations include a series of questions and answers to help sort out the issue of whether a requester is entitled to a fee waiver. The criteria to be considered include whether: (1) the records concern the operations or activities of the Government; (2) disclosure of the records will likely contribute to public understanding of the Government's operations and activities; (3) the release of the requested records will contribute significantly to public understanding; and (4) the disclosure of the requested records is primarily in the requestor's commercial interests. *See* 43 C.F.R. Part 2, Appendix D (2003). In denying WWP's appeal, the FOIA Appeals Officer found that WWP failed to meet requirement two because WWP did not adequately demonstrate its ability to reach a sufficiently broad audience and because

---

1. Here, neither side suggests that there are factual issues that would preclude summary judgment.

the request was not "reasonably specific" on how the information would contribute to the general public's understanding. The Appeals Officer admitted, however, that items one and four had been met by WWP. As for number three, the Appeals Officer stated "[s]ince your FOIA request does not meet the second factor, there is no reason for the Department to determine whether your request meets the third factor." [2]

■ Under the law, it is WWP who bears the initial burden of identifying the public interest to be served. *See McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1285 (9th Cir.1987). WWP cannot rely upon conclusory statements that "the information will improve Government efficiency and culpability." *Id.* (citations omitted). Rather, WWP must identify with reasonable specificity the public interest to be served. *See id.* In the letter denying the appeal, the FOIA Officer stated that WWP had failed to demonstrate with " 'reasonable specificity' how the information [would] contribute to the understanding of the general public of the operations or activities of the government." The Court, however, cannot agree with this statement. The Court finds that WWP adequately specified the public interest to be served, that is, educating the public about the ecological conditions of the land managed by the BLM and also how the public grazing management strategies employed by the BLM may adversely effect the environment.

■ BLM also denied the fee waiver request stating the WWP failed to adequately explain what it intended to do with the information. Again, the Court cannot agree. WWP clearly stated that it wanted to summarize the information into a more reader-friendly format and then distribute the information to the public. The FOIA does not require the WWP to explain precisely what the new format will look like. In fact, the Court finds that such a requirement would amount to a needless roadblock that Congress intended to avoid. Moreover, the Court finds that it would be nearly impossibly for WWP to meet this requirement without first being able to analyze the information.

In the course of denying the fee waiver the BLM also questioned WWP's ability to process the information into a more readily accessible format. The Court finds however, that WWP presented evidence to the BLM that it had in the past been able to analyze the grazing management strategies employed by the BLM and convey them to the public.[3] In addition, there is no evidence in the record demonstrating that the information requested was highly technical. Therefore, the Court does not doubt WWP's ability to summarize the requested information.

Finally, BLM stated that WWP failed to demonstrate that it intended to or had the ability to disseminate the information to a large audience. The Court finds, however, that WWP more than adequately demonstrated its intent to share the information with the public. Only a strained reading

---

**2.** The Court will note that BLM regulations relating to the inquiry as to whether the contribution will be significant (i.c. factor number three) focus on whether the information being disclosed is new or whether it has been previously released. *See* 43 C.F.R. Part 2, Appendix D (2003). WWP asserted in its initial request that the information requested was either not readily available or never pro-

vided to the public, facts never contradicted by the BLM. Therefore, the Court finds that WWP adequately demonstrated that the information would contribute significantly to public understanding.

**3.** For instance, WWP presented evidence that one of its founding members had taught high school classes on this subject.

of their requests would support the opposite conclusion.

■ As for BLM's contention that WWP failed to demonstrate its ability to reach a large audience, the Court again cannot agree with the BLM. BLM regulations ask the following question to determine whether a information is "likely to contribute to public understanding" of government operations and activities: "How will disclosure of the requested records contribute to the understanding of the public at large or a reasonably broad audience of persons interested in the subject?" 43 C.F.R. Part 2, Appendix D (2003). WWP informed the BLM that it intended to "disseminate the information to the public at large" by way of "presentations to [its] members, presentations to the general public, presentations to members of other conservation organizations, and participation in numerous conferences and public events across the country." WWP further pointed out that it publishes a regular newsletter, maintains a web site, and utilizes both local radio and newspapers to disseminate information. Other courts have found requestors' statements of intent to disseminate requested information through newsletters, popular news outlets, and presentations to public interest groups, government agencies, and the general public sufficient to entitle an organization to a fee waiver. *See Eagle v. United States Dep't of Commerce,* 2003 WL 21402534 (N.D.Cal.2003); *Oregon Natural Desert Ass'n v. United States Dep't of the Interior,* 24 F.Supp.2d 1088 (D.Or.1998); *but see Judicial Watch, Inc. v. United States Dep't of Justice,* 122 F.Supp.2d 5 (D.D.C.2000) (holding requestor failed to adequately describe the government operations concerned, to specify how the public would gain a greater understanding of government operations and also failed to specify the specific means by which they intended to disseminate the information); *Judicial Watch, Inc. v. United States*

*Dep't of Justice,* 122 F.Supp.2d 13 (D.D.C. 2000) (holding requestor failed to identify with reasonable specificity the government operations at issue, how the requested information would inform the public of government operations and also did not give sufficient details of their intent to disseminate the information). Therefore, in light of WWP's statements, the Court finds that WWP adequately detailed its ability and intent to publicize the disclosed information to more than just a narrow segment of the public.

Moreover, the Court finds that if it adopted the BLM's position it would set the bar for fee waivers impermissibly high, especially in light of Congress' intent to have the fee waiver liberally construed. As the Second Circuit has stated, "[i]nformation need not actually reach a broad cross-section of the public in order to benefit the public at large .... The relevant inquiry ... is whether the requestor will disseminate the disclosed records to a reasonably broad audience of persons interested in the subject." *Carney v. United States Dep't of Justice,* 19 F.3d 807, 814–15 (2d Cir.1994). The Court is confident that WWP adequately demonstrated its intent and ability to disseminate the information to a reasonably broad audience of persons interested in the subject. Therefore, the Court reverses and remands, with instructions to grant a full fee waiver.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 10) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (Docket No. 14) is DENIED.