**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-1294**

_____

JOEL HAVEMANN,

Plaintiff – Appellant,

v.

CAROLYN W. COLVIN, Acting Commissioner, Social Security
Administration,

Defendant - Appellee.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, Senior District
Judge.  (1:12-cv-01235-JFM)

_____

Submitted:  October 30, 2015        Decided:  November 23, 2015

_____

Before WILKINSON, KING, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James L. Fuchs, SNIDER & ASSOCIATES, LLC, Baltimore, Maryland,
for Appellant. Rod J. Rosenstein, United States Attorney,
Joseph R. Baldwin, Assistant United States Attorney, Greenbelt,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joel Havemann appeals from the district court's order granting summary judgment to Defendants in his Freedom of Information Act (FOIA) proceeding against the Social Security Administration (SSA). Havemann sought the disclosure of data in order to write an article about large groups of allegedly shortchanged beneficiaries. The SSA released some of the data requested, but withheld other data after determining that its release could result in the identification of personal information about numerous individuals.

On review of the district court's grant of summary judgment in favor of the Government in a FOIA action, we must determine de novo whether, after taking the evidence in the light most favorable to the nonmovant, there remains any genuine issue of material fact and whether the Government is entitled to summary judgment as a matter of law. See Ethyl Corp. v. United States Envtl. Prot. Agency, 25 F.3d 1241, 1246 (4th Cir. 1994). FOIA requires federal agencies to disclose agency records unless they may be withheld pursuant to one of nine enumerated exemptions listed in 5 U.S.C. § 552(b) (2012). A defendant agency has the burden of establishing the adequacy of its search and that any identifiable document has either been produced or is subject to withholding under an exemption. See Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994). This burden

2

may be met through affidavits explaining the manner in which the search was conducted. See id.

An agency's affidavits must be relatively detailed and nonconclusory in order to support a FOIA exemption. See Simmons v. United States Dep't of Justice, 796 F.2d 709, 711-12 (4th Cir. 1986); see also Nat'l Parks & Conservation Ass'n v. Kleppe, 547 F.2d 673, 680 (D.C. Cir. 1976) (holding that conclusory and generalized allegations are unacceptable as means of sustaining the burden of nondisclosure). The court is entitled to accept the credibility of such affidavits, so long as it has no reason to question the good faith of the agency. See Bowers v. United States Dep't of Justice, 930 F.2d 350, 357 (4th Cir. 1991); see also Carney, 19 F.3d at 812 (holding that such affidavits are accorded a presumption of good faith). To prevail over this presumption a requestor must demonstrate a material issue by producing evidence, through affidavits or other appropriate means, contradicting the adequacy of the search or suggesting bad faith. See Miller v. United States Dep't of State, 779 F.2d 1378, 1384 (8th Cir. 1985). When deciding whether these burdens have been met, the district court must consider everything in the light most favorable to the nonmoving party.

Determining whether an agency's documents involve information "the disclosure of which would constitute a clearly

unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(6) ("Exemption 6"), requires this court "to balance the individual's right of privacy against the basic policy of opening agency action to the light of public scrutiny." Yonemoto v. Dep't of Veterans Affairs, 686 F.3d 681, 693 (9th Cir. 2012). At step one, the court looks to see whether there is any privacy interest that outweighs the generalized public interest in disclosure; if so, the court then looks (at step two) to see if the public interests in disclosing the particular information requested outweigh those privacy interests. Id. at 694. "[T]he only relevant public interest in the FOIA balancing analysis is the extent to which disclosure of the information sought would she[d] light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." Bibles v. Or. Natural Desert Ass'n, 519 U.S. 355, 355-56 (1997) (per curiam) (quotation marks and citations omitted, alteration in original).

We find that the evidence produced by the SSA appropriately outlined its search for responsive data and its reasons for withholding certain data or portions thereof. Thus, the Defendant has met its burden of showing that it performed an adequate search and that data has either been produced or is subject to withholding under Exemption 6.

4

In an effort to rebut the SSA's evidence, Havemann asserts that the district court improperly considered affidavits from a previous case, erroneously relied upon interested "experts," and considered affidavits that were merely speculative. However, we held in the previous litigation over the release of similar data fields that the "SSA thoroughly analyzed and demonstrated the methods through which the withheld data could lead to identification of specific individuals." Havemann v. Colvin, 537 F. App'x 142, 147 (4th Cir. Aug. 1, 2013) (No. 12-2453). Besides claiming that the requests were different in the previous litigation and that the district court failed to conduct a lengthy analysis of the similarity, Havemann fails to show what error occurred from considering evidence in the previous case, or why the methodology and conclusions in the previous case cannot be applied in the present case, to the extent they are relevant.

Further, our review leads us to the conclusion that the previous and current affidavits are not speculative, but rather contained specific numbers and percentages of persons identifiable when combining Havemann's requested data and publicly available records. Finally, with regard to the affidavits being rendered by persons working for the SSA, it is unclear who else could opine as to the methodology undertaken to respond to Havemann's requests, and Havemann has made no showing

5

of bad faith. Thus, we hold that the district court correctly relied upon the SSA's evidence in determining that the SSA had shown a risk of disclosure of personal information.

Havemann next contends that the need for public disclosure outweighed the risk of invasions of privacy. Specifically, Havemann asserts that release of the requested information will identify multiple underpaid beneficiaries and that time is of the essence, because beneficiaries are dying. However, it is undisputed that Havemann would be unable to make any eligibility determinations for benefits based solely on data, because such a determinations require examination of many different and complicated variables including work issues, prior filings, and auxiliary benefits. Further, the SSA points out that the information sought by Havemann would be overinclusive, permitting him to identify numerous individuals who have already been paid and who have had their claims rejected, as well as those who may potentially have a claim. In addition, Havemann has failed to show how the withheld data fields are necessary or helpful to his calculations and research and why the data fields he has received are insufficient for his purposes. Accordingly, the district court did not err in concluding that the public interest did not outweigh the privacy interests involved.

Next, Havemann asserts that the SSA's delay in responding to his requests was improper and that the determination that the

SSA was appropriately awaiting the result of the initial litigation was improper because the SSA never raised that excuse. However, our review of the record shows that the SSA appropriately and reasonably replied to Havemann's multiple, overlapping FOIA requests that involved possible exposure of sensitive personal information. Moreover, the SSA's delay, even if improper, cannot be a basis for disclosing personal information. Instead, the proper relief would be an injunction against future actions, relief that Havemann has not requested. See Mayock v. Nelson, 938 F.2d 1006, 1007-08 (9th Cir. 1991).

Finally, Havemann contends that the district court did not properly consider his request for a protective order that would reserve to the SSA the ability to make any actual contact with beneficiaries. However, the Supreme Court has noted that "[t]here is no mechanism under FOIA for a protective order allowing only the requestor to see whether the information bears out his theory, or for proscribing its general dissemination." Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 174 (2004). As such, any information that would permit Havemann to locate potential beneficiaries would also permit anybody else who obtains the released information to locate these beneficiaries. Thus, even were Havemann under a protective order not to contact them, an order could not prevent non-parties from using and disclosing the personal information

7

involved.  Accordingly, the district court did not err in rejecting this claim.

Thus, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>